1  FRANK N. DARRAS #128904, Frank@DarrasLaw.com
   SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
2  PHILLIP S. BATHER #273236, PBather@DarrasLaw.com
3  **DarrasLaw**
4  3257 East Guasti Road, Suite 300
   Ontario, California 91761-1227
5  Telephone:  (909) 390-3770
   Facsimile:  (909) 974-2121
6
7  Attorneys for Plaintiff KINH TRUONG

9           UNITED STATES DISTRICT COURT
10      CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| KINH TRUONG, | Case No: |
|---|---|
| Plaintiff, | COMPLAINT FOR BENEFITS UNDER EMPLOYEE WELFARE BENEFIT PLANS |
| vs. | |
| LIFE INSURANCE COMPANY OF NORTH AMERICA; and MAZDA SHORT TERM DISABILITY BENEFITS PLAN, | |
| Defendants. | |

Plaintiff alleges as follows:

   1.   This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, et seq. (hereafter "ERISA") as it involves claims by Plaintiff for disability benefits under employee benefit plans regulated and governed under ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

   2.   The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of

- 1 -
COMPLAINT

the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

3. Plaintiff is informed and believes and thereon alleges that the Mazda Short Term Disability Benefits Plan ("STD Plan") and Mazda Motor of America, Inc. dba Mazda North American Operations Group Long Term Disability Plan ("LTD Plan") (Collectively referred to as the "Plans") are employee welfare benefit plans established and maintained by Mazda Motor of America, Inc. dba Mazda North American Operations ("MAZDA"), to provide its employees and those of its subsidiaries and affiliates, including Plaintiff, KINH TRUONG ("Plaintiff" and/or Mr. TRUONG"), with income protection in the event of a disability and are the Plan Administrators for the Plans.

4. Plaintiff alleges upon information and belief that Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Pennsylvania, authorized to transact and transacting the business of insurance in this state, and, the insurer and Claims Administrator for the Plans.

5. Plaintiff further alleges that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) in that the STD Plan is administered in Irvine, California, in the County of Orange, which is located in this district.

6. At all relevant times Plaintiff was a citizen of the United States, a resident of Orange County, California, an employee of MAZDA, its successors, affiliates and/or subsidiaries, and a participant in the Plans.

7. Based upon information and belief, Plaintiff alleges that at all relevant times herein Plaintiff was covered under group disability policies SHD-0961472 and LK-0961498 and/or NHD-0963036 (the "Policies") that had been issued by Defendants MAZDA and LINA (Hereinafter collectively referred to as "Defendants") to the eligible participants and beneficiaries of the Plans, including Plaintiff.

8. The subject Policies promised to pay Plaintiff weekly short term disability

benefits and monthly long term disability benefits for a specified period of time should Plaintiff become disabled. Therefore, Defendants both fund and decide whether claimants will receive benefits under the Plans and as such suffer from a structural conflict which requires additional skepticism.

9. Based upon information and belief, Plaintiff alleges that, according to the terms of the Plans, if Plaintiff became disabled, Defendants promised to pay short term disability benefits to Plaintiff as follows:

- Elimination Period: The later of any accumulated sick leave or the time period shown below.
    - For Accident: 7 days
    - For Sickness: 7 days
- Gross Disability Benefit:
    - Less than 6 months of service: No benefit
    - 6 months to 3 years of service: 6 weeks at 100% of salary and 20 weeks at 75% of salary
    - 3 or more years of service: 13 weeks at 100% of salary and 13 weeks at 75% of salary
- Maximum Disability Benefit: None
- Definition of Disability/Disabled:
    - You are considered Disabled if, solely because of a covered Injury or Sickness, you are:
        i. Unable to perform all the material duties of your Regular Occupation, and
        ii. Unable to earn 80% or more of your Covered Earnings from working in your Regular Occupation.

10. Based upon information and belief, Plaintiff alleges that, according to the terms of the Plans, if Plaintiff became disabled, Defendants promised to pay long term disability benefits to Plaintiff as follows:

- Elimination Period: 180 Days
- Gross Disability Benefit: The lesser of 60% of your monthly Covered Earnings rounded to the nearest dollar or your Maximum Disability Benefit.
- Definition of Disability/Disabled:
  - You are considered Disabled if, solely because of Injury or Sickness, you are:
    i. Unable to perform the material duties of your Regular Occupation; and
    ii. Unable to earn 80% or more of your Indexed Earnings from working in your Regular Occupation.
  - After Disability Benefits have been payable for 24 months, you are considered Disabled if, solely due to Injury or Sickness, you are:
    i. Unable to perform the material duties of any occupation for which you are, or may reasonably become, qualified based on education, training or experience; and
    ii. Unable to earn 60% or more of your Indexed Earnings.

11. Prior to his disability under the terms of the Plan, Plaintiff, who had been employed with MAZDA, was working as an HR Project Manager.

12. On or about August 14, 2019, Plaintiff became disabled as defined by the terms of the Plans and timely submitted a claim to Defendants for payment of disability benefits.

13. However, on or about October 10, 2019, Defendants unreasonably and unlawfully denied Plaintiff's short term disability claim. And, on or about January 10, 2020, and January 4, 2021, Defendants unreasonably and unlawfully upheld their denial of the short term disability claim.

14. Additionally, on or about March 17, 2022, LINA unreasonably and unlawfully denied Plaintiff's long term disability claim.

15. According to Defendants' denial letters:

- **October 10, 2019:** "After completing our review of your claim, we are unable to approve your claim for benefits. …You have the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a) following an adverse determination on appeal."

- **January 10, 2020:** "We have completed our review of your appeal for STD benefits under the above captioned plan and must advise you that we are reaffirming our previous denial of benefits dated 10/10/19. …You have the right to being a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a)."

- **January 4, 2021:** "After completing our review of Mr. Truong's claim, we must uphold our prior decision to deny Mr. Truong's claim. …At this point in time you have exhausted all administrative levels of appeal and no further appeals will be considered. …Please note that you have the right to being a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a) following an adverse determination on appeal."

16. On or about October 21, 2022, Plaintiff, through counsel, timely appealed Defendant's denial of his long term disability claim.

17. On or about November 2, 2022, LINA acknowledged receipt of Plaintiff's long term disability appeal.

18. As of the date of the filing of this Complaint, Plaintiff has still not received a decision from LINA regarding his long term disability appeal for benefits.

19. In denying Plaintiff's claims, Defendants unreasonably and unlawfully failed to timely identify the medical personnel who reviewed Plaintiff's file; relied upon the opinions of physicians who were financially biased and/or not qualified to refute the

findings of Plaintiff's board-certified physicians; relied strictly upon physical requirements of occupations instead of taking into consideration the non-exertional requirements of Plaintiff's regular, or any, occupation; and misrepresented the terms of the Policies.

20. Additionally, Defendants knew, or should have known, that the documentation submitted to and/or obtained by Defendants clearly substantiated Plaintiff's disability and entitled him to benefits under the Plans.

21. To date, even though Plaintiff has been disabled, Defendants have not paid Plaintiff any disability benefits under the Policies. The unlawful nature of Defendants' denial of the claims is evidenced by, but not limited to, the following:

- Defendants engaged in procedural violations of its statutory obligations under ERISA, including, but not limited to, failing to promptly identify the medical consultants who reviewed his file; failing to timely advise Plaintiff of what specific documentation it needed from him to perfect his claim; and
- Defendants ignored the obvious, combed the record, and took selective evidence out of context as a pretext to deny Plaintiff's claim; and
- Defendants ignored the opinions of Plaintiff's board-certified treating physicians and/or misrepresented the opinions of Plaintiff's treating physicians. Deference should be given to the treating physicians' opinions as there are no specific, legitimate reasons for rejecting the treating physicians' opinions which are based on substantial evidence in the claim file.  Further, Defendants' highly conflicted physicians' opinions do not serve as substantial evidence as they are not supported by evidence in the claim file nor are they consistent with the overall evidence in the claim file.

22. Additionally, ERISA imposes higher-than-marketplace quality standards on insurers. It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, §

1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," *Firestone*, 489 U.S., at 113 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B).

23. As a direct and proximate result of Defendants' failure to provide Plaintiff with disability benefits, Plaintiff has been deprived of said disability benefits owed under the Plans since on or about August 21, 2019.

24. As a further direct and proximate result of the denial of benefits, Plaintiff has incurred attorney fees and costs to pursue this action and is entitled to have such fees and costs paid by Defendants pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

25. A controversy now exists between the parties as to whether Plaintiff is disabled as defined in the Plans. Plaintiff seeks the declaration of this Court that he met the Plans' definitions of disability and consequently is entitled to all benefits from the Plans to which he might have been entitled while receiving disability benefits, with reimbursement of all expenses and premiums paid for such benefits from the beginning of his claim through the present. In the alternative, Plaintiff seeks a remand for a determination of Plaintiff's claim consistent with the terms of the Plans.

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. An award of benefits in the amount not paid Plaintiff beginning on or about August 21, 2019, together with interest at the legal rate on each weekly and monthly payment from the date it became due until the date it is paid; plus all other benefits from the Plans to which he might be entitled while receiving disability benefits, with reimbursement of all expenses and premiums paid for such benefits or, in the alternative, a remand for a determination of Plaintiff's claim consistent with the terms of the Plans.

2. An order determining Plaintiff is entitled to disability payments/benefits so

1 long as he remained disabled as defined in the Plans;

2    3. For reasonable attorney fees and costs incurred in this action; and,

3    4. For such other and further relief as the Court deems just and proper.

Dated:  November 11, 2022    

FRANK N. DARRAS
SUSAN B. GRABARSKY
PHILLIP S. BATHER
Attorneys for Plaintiff
KINH TRUONG